JOAQUÍN FIGUEROA ORTIZ, Plaintiff and Appellee, *v.* NORTHERN ASSURANCE CO. OF AMERICA, Defendant and Appellee; CONCEPCIÓN PÉREZ PÉREZ, Plaintiff and Appellant, *v.* NORTHERN ASSURANCE CO. OF AMERICA, Defendant and Appellee.

No. R-69-61.        Decided January 8, 1970.

*Eddie Gaud Caraballo, E. Delgado Roque,* and *Miguel A. Guzmán Soto* for appellant Concepción Pérez Pérez, Manager of the State Insurance Fund. *Efraín Goglas Carvajal* for appellee Joaquín Figueroa Ortiz.

PER CURIAM: A workman in the discharge of his duties suffered an accident caused by a third person. The Manager of the State Insurance Fund, subrogating himself in the rights of the workman, filed a complaint against the insurer

of the person who caused the damage after the period of 90 days granted by § 31 of the Workmen's Accident Compensation Act, 11 L.P.R.A. § 32,[1] had expired. A motion for dismissal having been filed on that ground the same was granted. A motion for reconsideration was filed alleging that the insurance company's representative had agreed with the counsel for the Manager of the State Insurance Fund that he would not raise the question that the complaint had been filed after the 90-day period had expired.

The injured workman filed a complaint against the insurance company in the Ponce Part. The case filed in San Juan was transferred to the Ponce Part and was consolidated there with the one filed by the workman. In San Juan no determination was made as to the motion for reconsideration filed by the Manager of the State Insurance Fund. The Manager reiterated his request in Ponce. He alleged that "through this motion, we respectfully pray this court, to relieve the appear-

---

[1] In its pertinent part § 31 provides as follows:

"When an injured workman or employee, or his beneficiaries in case of death, may be entitled to institute an action for damages against a third person in cases where the State Insurance Fund, in accordance with the terms of this chapter, is obliged to compensate in any manner or to furnish treatment, the Manager of the State Insurance Fund shall subrogate himself in the rights of the workman or employee or of his beneficiaries, and may institute proceedings against such third person in the name of the injured workman or employee, or of his beneficiaries, within the ninety (90) days following the date on which the decision of the case becomes final and executory, and any sum which as a result of the action, or by virtue of a judicial or extrajudicial compromise, may be obtained in excess of the expenses incurred in the case, shall be delivered to the injured workman or employee or to his beneficiaries entitled thereto. The workman or employee or his beneficiaries shall be parties in every proceeding instituted by the Manager under the provisions of this section, and it shall be the duty of the Manager to serve written notice on them of such proceedings within five (5) days after the action is instituted.

"If the Manager should fail to institute action against the third party liable, as set forth in the preceding paragraph, the workman or employee, or his beneficiaries, shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case."

ing party herein from the aforesaid order of the Superior Court, San Juan Part, since by conversations had between the manager of defendant Northern Assurance Co. of America, Enrique Alonso, and the undersigned attorney, the term which we had to file a complaint was interrupted and, also defendant waived its right to the allegation of lapse or prescription in this case."

The trial judge dismissed the Manager's motion.

Aside from the fact that evidence was not introduced to support the allegation that an agreement existed between the Manager of the State Insurance Fund and the insurance company to extend the 90-day period which the Manager has to file his complaint, we do not see how such an agreement can be made behind the back of the injured workman, and without taking into consideration the latter's rights. The law is clear. If the Manager fails to file the complaint within the ninety days "the workman or employee, or his beneficiaries shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case." In *Negrón v. Industrial Comm'n*, 76 P.R.R. 282, 287 (1954), we stated: ". . . the failure of the Manager to bring an action within the ninety-day period following his final decision, entails a waiver by the Manager of his right of subrogation." Any compromise which the Manager would have made with the insurance company was invalid and inoperative.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.